George SASSOWER, Plaintiff,

v.

Francis E. DOSAL; Floyd E. Boline; Jerome G. Arnold; "John Fixer," name fictitious and unknown to plaintiff at present; West Publishing Company; Lee Feltman; Feltman, Karesh, Major & Farbman; Kreindler & Relkin, P.C.; Citibank, N.A.; Jerome H. Barr; James L. Oaks; Wilfred Feinberg; George C. Pratt; Charles L. Brieant; William C. Conner; Eugene H. Nickerson; Edward R. Korman; I. Leo Glasser; Allyne Ross; Howard Schwartzberg; Nicholas H. Politan; Sol Wachtler; Matthew T. Crosson; Francis T. Murphy; Guy J. Mangano; Milton Mollen; William C. Thompson; Xavier C. Riccobono; Alvin F. Klein; David B. Saxe; Ira Gammerman; Donald Diamond; Robert Abrams; Robert Straus; Denis Dillon; Mead Data Central, Inc.; Lawyers Co-Operative Publishing Co.; New York Law Journal Company; Price Communications Corp.; and New Jersey Law Journal; Defendants.

Civ. No. 4–90–571.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 5, 1990.

George Sassower, White Plains, N.Y., pro se.

Jerome G. Arnold, U.S. Atty., Minneapolis, Minn., for defendants Francis E. Dosal, Floyd E. Boline, and Jerome G. Arnold.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on two motions for preliminary injunctive relief brought by plaintiff. Upon review of the file, the Court notes that the case is substantially duplicative of an action previously brought by plaintiff, *Sassower v. Carlson, et al.*, CIVIL 4–90–511, which was dismissed by another judge of this Court on August 20, 1990 under 28 U.S.C. § 1915(d) on the grounds that it was frivolous and malicious. That order was pursuant to a detailed report and recommendation of the United States Magistrate which concluded that the case was barred by previous injunctions issued by previous courts. *See Sassower v. Carlson,* CIVIL 4–90–511 (D.Minn. Order dated August 20, 1990 and Report and Recommendation dated July 16, 1990); *see also Raffe v. John Doe,* 619 F.Supp. 891, 895 (S.D.N.Y.1985). *See also Polur v. Raffe,* 727 F.Supp. 810, 812 (S.D. N.Y.1989) (*citing In the Matter of the Application of Jerome H. Barr,* No. 1816/80 (N.Y.Supp.Ct. Jan. 23, 1985)). The Magistrate further found that plaintiff's sole purpose in filing the action was to harass defendants in a new forum.

▮  While plaintiff in the present action does not petition for in forma pauperis standing pursuant to 28 U.S.C. § 1915(d), the Court nevertheless has the power, sua sponte, to review the allegations of the complaint to determine whether the complaint should be dismissed for want of jurisdiction. *Fiedler v. Clark,* 714 F.2d 77, 78–79 (9th Cir.1983). *See also* Fed.R.Civ.P. 12(h)(3). Jurisdiction is deemed not to lie where the federal claim asserted is immaterial, insubstantial or frivolous. *Franklin v. Oregon Welfare Division,* 662 F.2d 1337, 1342 (9th Cir.1981). As the United States Supreme Court stated in *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946):

> [A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under ... federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous.

*Accord Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974).

▮  The Court has reviewed each of plaintiff's motions, as well as the complete court file in this matter, and is convinced that plaintiff's claims are wholly frivolous and malicious. Accordingly, the complaint will be dismissed for lack of subject-matter jurisdiction.

Based upon the foregoing, and upon all the files, records and proceedings in this case,

IT IS ORDERED that plaintiff's action is dismissed with prejudice.

LET JUDGMENT BE ENTERED AC-CORDINGLY.