930 F.2d 583
 George SASSOWER, Appellant,
v.
Peter M. CARLSON, West Publishing Company, Mead Data
Central, Lawyers Cooperative Publishing Company, New York
Law Journal Company, Price Communications Corporation, New
Jersey Law Journal, Kreindler & Relkin P.C., Citibank N.A.,
Jerome H. Barr, Lee Feltman, Feltman, Karesh, Major &
Farbman, Clapp & Eisenberg, P.C., A. Leon Higginbothan, Jr.,
William D. Hutchinson, Robert D. Cowen, Collins J. Seitz,
Sally Mrvos, Paul Douglas Sisk, Wilfred Feinberg, James L.
Oaks, George C. Pratt, Nicholas H. Politan, Daniel J. Moore,
Charles L. Brieant, William C. Connor, Eugene H. Nickerson,
Allyne Ross, Samuel A. Alito, Jr., Susan C. Cassell, Michael
V. Gilberti, R. David Walk, Jr., Robert Abrams, Francis T.
Murphy, Xavier C. Riccobono, Donald Diamond, Denis Dillon,
Appellees.
George SASSOWER, Appellant,
v.
Francis E. DOSAL, Floyd E. Boline, Jerome G. Arnold, John
Fixer, name fictitious and unknown to plaintiff at present,
West Publishing Company, Lee Feltman, Feltman, Karesh, Major
& Farbman, Kreindler & Relkin P.C., Citibank N.A., Jerome H.
Barr, James L. Oaks, Wilfred Feinberg, George C. Pratt,
Charles L. Brieant, William C. Connor, Eugene H. Nickerson,
Edward R. Korman, I Leo Glasser, Allyne Ross, Howard
Schwartzberg, Nicholas H. Politan, Sol Wachtler, Matthew T.
Crosson, Francis T. Murphy, Guy J. Mangano, Milton Mollen,
William C. Thompson, Xavier C. Riccobono, Alvin F. Klein,
David B. Saxe, Ira Gammerman, Donald Diamond, Robert Abrams,
Robert Straus, Denis Dillon, Mead Data Central, Inc.,
Lawyers Cooperative Publishing Co., New York Law Journal
Company, Price Communications Corp., New Jersey Law Journal,
Appellees.
 Nos. 90-5474, 90-5501.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 8, 1991.
Decided March 15, 1991.
Rehearing and Rehearing En Banc Denied May 8, 1991.
 
 George Sassower, pro se.
 Barbara L. Herwig, Washington, D.C., for appellees.
 Before ARNOLD, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Sassower appeals from orders of the district court[1] dismissing his two actions brought under 42 U.S.C. Sec. 1983 and 18 U.S.C. Secs. 1961 and 1964(a), (c). 744 F.Supp. 908. We affirm.
 
 
 2
 Sassower filed No. 90-5474 in forma pauperis seeking injunctive and declaratory relief, and $50 million in damages, trebled under RICO, against the warden at the Federal Medical Center in Rochester, Minnesota (FMC), various legal publishers, state and federal judges and staff, prosecuting attorneys, private law firms and attorneys, and Citibank, N.A. Sassower alleged as his "bottom line" that he was involuntarily incarcerated at FMC in order to weaken his credibility in bringing charges for, and to conceal, "the massive larceny and plundering of judicial trust assets, extortion, and other criminal activities by the 'racketeering defendants.' " He alleged that defendants libelled him through published opinions, subjected him to unconstitutional criminal convictions and disbarment, seized his assets, and denied him access to certain courts. The magistrate[2] concluded that this action was frivolous under 28 U.S.C. Sec. 1915(d), the district court adopted the magistrate's report and recommendation, and Sassower appealed.
 
 
 3
 Sassower then filed No. 90-5510, naming the magistrate, the district court clerk, numerous defendants from the first complaint, and additional defendants including federal and state judges. Sassower alleged, inter alia, that the magistrate's report was libelous and legally erroneous, and that his inability to respond to the report prior to its issuance was a due process violation. Sassower alleged various conspiracies and misconduct of the judiciary and others which undermined litigation relating to the 1980 dissolution and receivership of Puccini Clothes, Ltd., and resulted in illegal injunctions and contempt convictions against him. Sassower requested $500 million in damages and injunctive and declaratory relief. The district court, finding the claims "wholly frivolous and malicious," dismissed the complaint sua sponte for lack of subject matter jurisdiction. Sassower appealed, and the appeals were consolidated. On appeal the federal appellees request injunctive relief against Sassower.
 
 
 4
 Upon review of the record it is clear that both suits were correctly dismissed. In light of Sassower's history of frivolous and vexatious litigation, we hereby enter the following order:
 
 
 5
 George Sassower is hereby enjoined from filing any civil action in the United States District Court for Minnesota without first obtaining leave of that court. In seeking leave to file, Sassower must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. Such claims may not include any relating to the Puccini litigation, objecting to sanctions for which ordinary review has been exhausted, or brought against any state or federal judge, officer or employee for actions taken in the course of their official duties in connection with Sassower's prior litigation. He must also certify that the claim or claims are not frivolous, malicious, or brought in bad faith. Additionally, Sassower must cite or affix a copy of this opinion to any motion for leave to file a claim. Failure to comply strictly with the terms of this injunction will be sufficient grounds for summarily denying leave to file or dismissing any action filed.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota (No. 90-5474); and The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota (No. 90-5501)
 
 
 [2]
 The Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota