986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George SASSOWER, Plaintiff-Appellant,
v.
MEAD DATA CENTRAL, INC., et al., Defendants-Appellees.
 No. 92-3537.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 1
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and GIBSON, Chief District Judge.*
 
 ORDER
 
 2
 George Sassower appeals a district court judgment dismissing his complaint and denying his claims for relief in a civil action filed in the United States District Court for the Southern District of Ohio. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Sassower alleged that federal judges are involved in a criminal racketeering adventure and seek to prevent him from exposing their judicial frauds. He alleged that these defendants have defamed him in written decisions which have been submitted to defendant Mead Data Central, Inc. ("Mead") for republication through its "Lexis" research services. Sassower contended that remaining defendants participated in the alleged corrupt activities. In addition to his requests for damages, Sassower requested that judgments and decisions entered against him be set aside and that Mead be enjoined from making those decisions available on its database.
 
 
 4
 The district court determined that the claims were barred on jurisdictional grounds, on the basis of immunity, and under the principles of res judicata. The district court dismissed the action in its entirety and sua sponte entered an injunction barring Sassower from filing any further actions in the District Court for the Southern District of Ohio without first obtaining leave of that court.
 
 
 5
 On appeal, Sassower alleges that judicial corruption exists in this circuit. He seeks an injunction prohibiting Mead from publishing decisions from cases in which he has been involved; he also seeks to bar the representation of government defendants by United States and New York State attorneys. Defendants request an injunction barring Sassower from filing future actions within this circuit.
 
 
 6
 Upon review, we conclude that the appeal is frivolous. Sassower appears in part to have abandoned his claims. Issues not addressed on appeal are deemed abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In his complaint, Sassower sought monetary and injunctive relief for the alleged acts of fraud and defamation committed against him. In his brief on appeal, Sassower focuses his argument on his contention that defendants' attorneys were not authorized to represent them. His arguments are simply not pertinent to his claims.
 
 
 7
 Sassower also argues that defendant federal judicial officials are now estopped from asserting an immunity defense for their judicial acts. This argument is unavailing. The statute on which he seeks to rely, 28 U.S.C. § 2679(d), does not apply to his claims. See Foster v. MacBride, 521 F.2d 1304, 1305 (9th Cir.1975) (per curiam).
 
 
 8
 Sassower's remaining arguments also lack merit. He maintains that he is unable to present his case until he is allowed access to the Federal Building and Courthouse in White Plains, New York, and until certain contempt proceedings against him are dropped. The district court correctly noted that it lacked subject matter jurisdiction to review orders entered by the District Court for the Southern District of New York.
 
 
 9
 Additionally, the district court did not abuse its discretion when it entered the injunction barring Sassower from filing further actions without first obtaining leave of the district court. Sassower's history of frivolous and vexatious litigation is well documented. See, e.g., Sassower v. Sansverie, 885 F.2d 9, 10-11 (2d Cir.1989) (per curiam) (affirming an injunction barring Sassower from filing further actions without prior leave of the district court). See also Sassower v. Carlson, 930 F.2d 583, 584 (8th Cir.1991) (per curiam); Raffe v. John Doe, 619 F.Supp. 891, 898 (S.D.N.Y.1985). A district court may require a litigant with a history of vexatious litigation to obtain leave of court before further complaints will be accepted for filing. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987). Defendants' request for an injunction from this court is addressed in a related appeal. Sassower v. Thompson, Hine & Flory, No. 92-3553 (6th Cir. filed June 10, 1992).
 
 
 10
 Accordingly, all pending motions are denied. The district court's judgment, including its injunction addressing the filing of future actions, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief U.S. District Judge for the Western District of Michigan, sitting by designation