986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George SASSOWER, Plaintiff-Appellant,
v.
THOMPSON, HINE & FLORY; D. Michael Crites; James Oakes;
Michael Merz; Charles L. Brieant; Dale Ann Goldberg;
Francis T. Murphy; Robert Abrams; Kreindler & Relkin,
P.C.; Citibank, N.A.; Feltman, Karesh, Major & Farbman,
Defendants-Appellees.
 No. 92-3553.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 1
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and GIBSON, Chief District Judge.*
 
 ORDER
 
 2
 This New York plaintiff appeals a district court judgment dismissing his complaint and an injunction barring him from filing future actions without first obtaining leave of the court. He also appeals the district court's order denying his motion for recusal. He has filed motions for leave to proceed in forma pauperis and for other relief. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 George Sassower is a former attorney who represented a party in bankruptcy proceedings involving the dissolution of a New York corporation, Puccini Clothes, Ltd. Subsequent to the conclusion of those proceedings, Sassower undertook a campaign challenging the conduct of federal and state judges, private and government attorneys and state officials, among others, who were involved in the Puccini Clothes matter and in the litigation that followed. In the present case, he alleged that defendants are involved in an "egregious criminal racketeering adventure" including the fabrication and publication of sham judicial documents and the larceny of judicial trust assets.
 
 
 4
 The district court determined that Sassower was attempting to relitigate the Puccini Clothes matter and to pursue improperly a collateral attack on court decisions in prior proceedings. Defendants' motions to dismiss were granted; Sassower's various requests for relief were denied. The district court included in its decision an injunction barring Sassower from filing any further actions in the Southern District of Ohio without obtaining prior leave of the court. This appeal followed.
 
 
 5
 Upon review, we conclude that the action was properly dismissed. To the extent Sassower asserts claims arising from the Puccini Clothes matter, his claims are barred by res judicata. Moreover, Sassower's conclusory allegations concerning a conspiracy to deny him access to the courts represents a misuse of the civil rights remedy. See Coogan v. Cincinnati Bar Ass'n, 431 F.2d 1209, 1211 (6th Cir.1970). Sassower's motions for recusal were properly denied as he presented no cognizable legal basis for the disqualification of the district court judge. See United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990).
 
 
 6
 Additionally, the district court did not abuse its discretion by enjoining Sassower from filing further actions without first obtaining leave of that court. Sassower's history of vexatious and frivolous litigation is well documented. See, e.g., Sassower v. Sansverie, 885 F.2d 9, 10-11 (2d Cir.1989) (per curiam) (affirming an injunction barring Sassower from filing further actions without prior leave of the district court). See also Sassower v. Carlson, 930 F.2d 583, 584 (8th Cir.1991) (per curiam); Raffe v. John Doe, 619 F.Supp. 891, 898 (S.D.N.Y.1985). A district court may require a litigant with a history of vexatious litigation to obtain leave of court before further complaints will be accepted for filing. See 28 U.S.C. § 1651(a); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987).
 
 
 7
 Similarly, defendants' request for an injunction from this court is well taken. Within an eight month period Sassower filed twenty-eight appeals and original actions in this court. An injunction is proper against a litigant who has abused the court system by using it to relitigate claims arising from the same factual circumstances or to harass his opponents. See In re Martin-Trigona, 737 F.2d 1254, 1262-63 (2d Cir.1984); Harrelson v. United States, 613 F.2d 114, 116 (5th Cir.1980).
 
 
 8
 Accordingly, George Sassower is hereby enjoined from filing, instituting, continuing or prosecuting any civil action in this or any other federal court in this Circuit without first obtaining leave of that court. In seeking leave to file, Sassower must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. Such claims may not include any relating to or arising from the Puccini Clothes litigation, claims objecting to sanctions for which ordinary review has been exhausted, or claims against any state or federal judge, officer, or employee for actions taken in the course of their official duties exercised in connection with Sassower's previous litigation. He must also certify that the claim or claims are not frivolous or malicious, or taken in bad faith. Additionally, the motion for leave must be captioned "Application Pursuant to Court Order Seeking Leave to File" and Sassower must affix a copy of this opinion and order to that motion. Failure to comply strictly with the terms of this injunction will be sufficient grounds for summarily denying leave to file.
 
 
 9
 The motion for leave to proceed as a pauper is granted for the limited purpose of addressing this appeal. All other pending motions are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief U.S. District Judge for the Western District of Michigan, sitting by designation