# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3530

_____

Alan R. Vaughn,                               *
                                              *
            Appellant,                        *
                                              *
      v.                                      *    Appeal from the United States
                                              *    District Court for the
City of North Branch, Minnesota;              *    District of Minnesota.
Richard Anderson; Julie Dresel; Patrick       *
Trudgeon; Thomas Miller; Ellis               *    [UNPUBLISHED]
Johnson; Rodney Lofquist; Steven              *
Vanden Heuvel; Donald White; John             *
Philipson; Kevin Engel; Gregory               *
Strom; James Reuter; John Moosey;             *
State of Minnesota; Dennis Gustafson;         *
Alfred S. Alliegro; U.S. Attorney             *
General,                                      *
                                              *
            Appellees.                        *

_____

Submitted:  July 7, 2004
Filed:  July 27, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Alan R. Vaughn appeals from the district court's[1] denial of his Federal Rule of Civil Procedure 60(b) motion and his request for appointment of a special prosecutor, and from the district court's imposition of Federal Rule of Civil Procedure 11(c) sanctions. Vaughn has also filed a petition for a writ of mandamus, claiming the district court denied him his right to a jury trial in his 42 U.S.C. § 1983 action.

Having carefully reviewed the record, we conclude the district court did not abuse its discretion in denying Rule 60(b) relief. Even setting aside the issue of the timeliness of the motion, Vaughn merely reasserted his entitlement to relief as stated in his earlier pleadings and did not demonstrate fraud, exceptional circumstances, or the presence of newly discovered evidence. See Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (standard of review). The district court also properly denied Vaughn's request to appoint the United States Attorney General as a special prosecutor to investigate several of the named defendants. See Nat'l Milk Producers Fed'n v. Harris, 653 F.2d 339, 343 (8th Cir. 1981) (executive branch has discretion in initiation of investigative, enforcement, and prosecutorial actions limited only by constitutional strictures and relevant statutory directives). Finally, we find that the district court did not abuse its discretion in sanctioning Vaughn after concluding that his motions were frivolous and were filed to harass defendants. See Fed. R. Civ. P. 11(c)(2); Ivy v. Kimbrough, 115 F.3d 550, 553 (8th Cir. 1997) (standard of review); cf. Sassower v. Carlson, 930 F.2d 583, 584-85 (8th Cir. 1991) (per curiam) (plaintiff who filed frivolous and vexatious lawsuit was enjoined from filing further actions without first obtaining leave of district court).

We also deny Vaughn's mandamus petition. His claim that the district court deprived him of his constitutional right to a jury trial is frivolous, and, in any event, could have been raised in a timely direct appeal. See Harris v. Interstate Brands

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Corp., 348 F.3d 761, 762 (8th Cir. 2003) (grant of summary judgment does not violate Seventh Amendment right to jury trial); <u>In re Cook</u>, 928 F.2d 262, 263 (8th Cir. 1991) (per curiam) (writ of mandamus is not substitute for appeal).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____