885 F.2d 9
 George SASSOWER, Plaintiff-Appellant,
v.
Matthew D. SANSVERIE, Denis Dillon, J. Kenneth Littman,
Kenneth M. Cozza, Robert Rivers, Mary Rita Wallace, Gerald
R. Podlesak, Daniel J. Moore, Nicholas H. Politan, Robert
Abrams, Wilfred Feinberg, Charles L. Brieant, William C.
Conner, Eugene H. Nickerson, Francis T. Murphy, Milton
Mollen, Joseph W. Bellacosa, Xavier C. Riccobono, Ira
Gammerman, Donald Diamond, Ernest L. Signorelli, Anthony
Mastroianni, Kreindler & Relkin, P.C., Citibank, N.A., Lee
Feltman, Feltman, Karesch, Major & Farbman, Nachamie,
Kirschner, Spizz & Levine, P.C., Rashba & Pokart, Howard M.
Bergson, Reisman, Peirez, Reisman, & Calica, Clapp &
Eisenber, P.C., Rothbart, Rothbart & Kohn, Samuel A. Alito,
Jr., Hugh Leonard, Sills, Cumis, Zuckerman, Radin, Tishman,
Epstein, & Gross, P.C., Berlin, Kaplan, Dembling & Burke,
P.C., Peter Sordi, and Myriam J. Altman, Defendants-Appellees.
 No. 21, Docket 89-7051.
 United States Court of Appeals,
Second Circuit.
 Submitted Sept. 13, 1989.
Decided Sept. 15, 1989.
 
 George Sassower, White Plains, New York, filed a brief pro se.
 Feltman, Karesh, Major & Farbman, New York City, pro se.
 Kreindler & Relkin, P.C., New York City, pro se., and for Citibank, N.A. (Donald B. Relkin and Donald F. Schneider, of counsel), filed a joint brief for Appellees Feltman, Karesh, Major & Farbman, Lee Feltman, Clapp & Eisenberg, Kreindler & Relkin, P.C. and Citibank, N.A.
 Robert Abrams, Atty. Gen. of the State of New York, New York City (Ronald Turbin, Asst. Atty. Gen., of counsel), filed a brief for defendants-appellees.
 Schneck & Weltman, New York City (Jonathan I. Price, New York City, of counsel), filed a brief for defendants-appellees Rashba & Pokart and Sills Cummis Zuckerman Radin Tischman Epstein & Gross, P.C.
 Howard M. Bergson, Smithtown, New York, filed a brief for defendants-appellees Nachamie, Kirschner, Spizz & Levine, P.C., Rothbard, Rothbard & Kohn and Defendant-Appellee pro se.
 Snitow & Pauley, New York City (William H. Pauley, III, Franklyn H. Snitow, of counsel), filed a brief for appellees Honorable Denis Dillon, Nassau County Dist. Atty., Asst. Dist. Attys. Matthew D. Sansverie and J. Kenneth Littman, Police Officer Kenneth M. Cozza, and Mary-Rita Wallace (Nassau County Appellees).
 Before LUMBARD, CARDAMONE and FRIEDMAN,* Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from an order of the United States District Court for the Eastern District of New York (Korman, J.) enforcing an injunction requiring appellant George Sassower, pro se, to obtain approval of United States Magistrate Ross prior to filing suit in the Eastern District Court Clerk's office.
 
 
 2
 * George Sassower has been an abusive litigant for a number of years, and now presents yet another in a series of lawsuits and motions continuing "the long and tortured history of litigation" in state and federal courts. See Sassower v. Sheriff of Westchester County, 824 F.2d 184, 185 (2d Cir.1987). The details of this long history are a matter of public record. See, e.g., Sassower v. Sheriff of Westchester County, 824 F.2d at 184, Raffe v. Doe, 619 F.Supp. 891 (S.D.N.Y.1985), Raffe v. Citibank, N.A., (No. 84 Civ. 305) (E.D.N.Y. Aug. 1, 1984), aff'd mem., 779 F.2d 37 (2d Cir.1985). In response to this avalanche of litigation, an injunction was issued in district court barring Sassower from filing or intervening in any action against any of the defendants he had been harassing through his vexatious suits. See Raffe v. John Doe, 619 F.Supp. at 898. Despite this court order, appellant continued to file suits, as a result of which he was disbarred from practice in federal and state courts. See In re Sassower, 700 F.Supp. 100, 104 (E.D.N.Y.1988).
 
 
 3
 Undeterred, Sassower filed the instant action pro se before Judge Korman, who directed the Clerk of the District Court "not to accept any papers, proceeding, or motion or new case of any kind presented by Mr. George Sassower ... without leave obtained from Magistrate Ross who shall have examined such paper to assure that ... it is not in violation of the [earlier issued] injunction...." Criminal and civil contempt and Rule 11 sanctions were also considered by the district court but not implemented because it concluded that such sanctions would be ineffective in deterring Sassower from filing frivolous appeals. This appeal followed.
 
 II
 
 4
 Sassower's appeal is frivolous, and the judgment of the district court should be affirmed. He has abused the judicial process to harass defendants with vexations and frivolous suits. This is the sixth appeal he has filed in this Court during the past year. In so doing, he has impaired the ability of this and other courts to discharge their constitutional duties. We have previously assessed the need for interposing an injunction against vexatious litigants. See In Re: Martin-Trigona, 795 F.2d 9 (2d Cir.1986); see also In re McDonald, --- U.S. ----, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (filing of frivolous pro se habeas writs uses up courts' limited resources).
 
 
 5
 Sassower imposes similar significant burdens on this Court warranting an injunction. We write in this case to give fair warning to appellant that if he continues to abuse the judicial process by the instigation of frivolous appeals, an injunction will issue directing the Clerk of this Court to refuse to accept for filing any submissions from him, unless he has first obtained leave of the Court to file such papers.
 
 
 6
 The order enforcing the district court injunction against filing is affirmed.
 
 
 
 *
 Hon. Daniel M. Friedman, United States Circuit Judge, Federal Circuit, sitting by designation