**April CATANZARO, Plaintiff–Appellant,**

v.

**John WALLENSTEIN, Defendant–Appellee.**

Docket No. 04–5732–PR.

United States Court of Appeals,
Second Circuit.

Sept. 7, 2005.

April Catanzaro, Deer Park, N.Y. (on submission), for Plaintiff–Appellant, pro se.

John Wallenstein, Parson & Wallenstein, Mineola, N.Y., (on submission), for Defendant–Appellee, pro se.

PRESENT: NEWMAN, CALABRESI, and STRAUB, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff–Appellant April Catanzaro ("Catanzaro") appeals from the district court's *sua sponte* dismissal of her complaint against Defendant–Appellee John S. Wallenstein ("Wallenstein"). Catanzaro's complaint was brought pursuant to 42 U.S.C. § 1983.

We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

The amended complaint in this case, even read very liberally, does not allege any constitutional violation by Wallenstein, or indeed, that Wallenstein acted under color of law. Catanzaro's claim that judgments in previous state court actions violated her due process rights is foreclosed by the *Rooker–Feldman* doctrine, *Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 29 (2d Cir.2003), and any complaints that she may be bringing against state court judges are barred by the judges' absolute immunity, *DiBlasio v. Novello*, 344 F.3d 292, 296–97 (2d Cir.2003).

We have considered all of Catanzaro's other claims and find them to be without merit. We therefore AFFIRM the district court's dismissal. All outstanding motions are DENIED.

Wallenstein urges this court to sanction Catanzaro, and to require her to pay costs, for bringing frivolous litigation against him in state and federal court. Because this is Catanzaro's first federal suit against Wallenstein, and because we have not previously warned her against filing frivolous claims, we decline to impose sanctions at this time. We do, however, hereby warn Catanzaro that if she files future frivolous appeals with this court, she runs the risk of incurring sanctions, including the requirement that she obtain the court's permission before filing any papers. *See Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir.1989) (warning litigant that filing future frivolous appeals could result in sanctions).