**Walter N. IWACHIW, World**

International Services Inc.,[1]
Plaintiff–Appellant,

v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Silverstein Properties, Inc., JP Morgan Chase & Co., State of New York, State of New Jersey, Defendants–Appellees,

and

Westfield America Inc., Defendant.

No. 04–5291–CV.

United States Court of Appeals, Second Circuit.

Nov. 3, 2005.

Walter N. Iwachiw, Sunnyside, NY, for Plaintiff–Appellant, pro se.

Richard Williamson and Dina Jansenson, New York, NY, for Defendants–Appellees Port Authority of New York and New Jersey and World Trade Center Properties LLC.

Eliot Spitzer, Attorney General of the State of New York, Patrick J. Walsh, Assistant Solicitor General, New York, NY, for Defendants–Appellee State of New York, Kelesha Fowler Armand, New York, NY, for Defendant–Appellee JP Morgan Chase.

Raymond Barzey, Trenton, NJ, for Defendant–Appellee State of New Jersey, for Defendants–Appellees.

PRESENT: CARDAMONE, POOLER, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Walter Iwachiw appeals from the district court's judgment, entered August 17, 2004, granting defendants' motion to dismiss the amended complaint with prejudice. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

First, claims against the States of New York and New Jersey were properly dismissed as barred by the Eleventh Amendment. The Supreme Court has held that the "ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

Second, the district court properly dismissed appellant's first complaint and amended complaint for failure to comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Dismissal is generally appropriate in cases in which "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). Even after construing appellant's *pro se* amended complaint liberally, the true substance of his claims cannot be determined. Because the amended complaint failed to comply with Rule 8 even after the district court's October 2002 order explained the deficiencies in the origi-

1. We direct the clerk to conform the official caption to the caption above.

nal complaint, it was not an abuse of discretion for the district court to dismiss appellant's amended complaint with prejudice.

Third, the district court did not err in its dismissal of the fraud claim in appellant's amended complaint against World Trade Center ("WTC") Properties and Westfield. Federal Rule of Civil Procedure 9 requires that in all averments of fraud, "the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b); *see also Rombach v. Chang,* 355 F.3d 164, 171 (2d Cir.2004). Because the single sentence claim does not state with particularity the circumstances constituting fraud, it does not provide Westfield or WTC Properties with any notice of the fraud claim against them.

Fourth, the district court did not err in dismissing appellant's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dismissal is "appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harris v. City of New York,* 186 F.3d 243, 250 (2d Cir.1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Because appellant's amended complaint fails to provide facts by which a court might find a violation of law, appellant has failed to state a claim upon which relief might be granted.

Fifth, the district court properly dismissed appellant's state law claims once his federal claims were dismissed. *See* 28 U.S.C. § 1367(c).

Sixth, the district court acted within its discretion to deny leave to further amend the complaint. Under Federal Rule of Civil Procedure 15, leave to amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). However, "it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir.2003). Here, appellant's original and amended complaint consist of conclusory and incomprehensible facts and arguments, and further amendment would be futile.

As a final matter, this Court recognizes that it may be necessary to impose restrictive measures on litigants who "have demonstrated an uncontrollable propensity repeatedly to pursue vexatious and harassing litigation." *In re Martin–Trigona,* 9 F.3d 226, 228 (2d Cir.1993). This Court notified appellant, in November 2004 and January 2005, that the filing of future frivolous appeals might result in sanctions. *Iwachiw v. Department of Fin.,* 110 Fed.Appx. 201 (2d Cir.2004); *Iwachiw v. N.Y. State DMV,* 396 F.3d 525 (2d Cir.2005). If appellant files another frivolous appeal, motion, or other paper, he will incur sanctions, including the requirement that he obtain the court's permission before filing any papers. *See Sassower v. Sansverie,* 885 F.2d 9, 11 (2d Cir.1989) (warning litigant that filing future frivolous appeals could result in sanctions).

We have considered all of appellant's arguments and find them to be without merit.

We deny as moot any outstanding motions.

For the foregoing reasons, the judgment of the district court is AFFIRMED.