13-2908-cv
*Anghel v. N.Y. State Dep't of Health*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand fifteen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges.*

------

MARIA-LUCIA ANGHEL,

       *Plaintiff-Appellant*,

          v.                            No. 13-2908-cv

NEW YORK STATE DEPARTMENT OF HEALTH, ET AL.

       *Defendants-Appellees*.

------

**FOR PLAINTIFF-APPELLANT:**        Maria-Lucia Anghel, *pro se*, Oceanside, NY.

**FOR DEFENDANTS-APPELLEES:**        Barbara D. Underwood, Solicitor General, Richard P. Dearing, Deputy Solicitor General, Valerie Figueredo, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

                                          Joseph L. Clasen, Laura A. Torchio, Robinson & Cole LLP, New York, NY.

Appeal from a judgment and an order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the District Court are **AFFIRMED**.

Plaintiff Maria-Lucia Anghel, a physician whose New York State medical license was revoked, proceeding *pro se*, appeals the District Court's May 30, 2013 judgment dismissing her claims and its July 20, 2013 order denying her motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). We review a district court's denial of reconsideration for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). Upon review of the record and relevant law, we affirm for substantially the reasons stated in the District Court's thorough and well-reasoned orders.

Anghel also moves to vacate all of this Court's orders, remand for lack of jurisdiction, compel the District Court to convene a three-judge court, appoint a special prosecutor, issue a temporary restraining order and reinstate her medical license, and disqualify various judges in this Court and the District Court. These motions are without merit and all of them are hereby **DENIED**. We have already ruled that this Court has jurisdiction over this appeal and that the District Court could not have convened a three-judge court to adjudicate Anghel's claims. *See* 28 U.S.C. § 2284(a); *Kalson v. Peterson*, 542 F.3d 281, 287 (2d Cir. 2008). Anghel nonetheless has persisted in re-filing meritless motions—no fewer than twelve on appeal.

## CONCLUSION

We have considered all of Anghel's arguments on appeal and all of her motions and find them all to be without merit. Accordingly, we **AFFIRM** the May 30, 2013 judgment and the July 20, 2013 order of the District Court and **DENY** Anghel's motions to vacate all of this Court's orders, remand for lack of jurisdiction, compel the District Court to convene a three-judge court, appoint a special prosecutor, issue a temporary restraining order and reinstate her medical license, and disqualify various judges in this Court and the District Court.

**Anghel is hereby warned that the filing of additional meritless motions may result in the imposition of sanctions, including a leave-to-file sanction, under which she would need permission from a judge of the Court prior to filing any further submission.** *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 10 (2d Cir. 1989).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2