Nath v. JP Morgan Chase Bank, N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand eighteen.

PRESENT:
> **DENNIS JACOBS,**
> **REENA RAGGI,**
> **PETER W. HALL,**
> *Circuit Judges.*

_____

**Prem Nath,**

> *Plaintiff-Appellant*,

> **v.**                                                                                   **17-2019**

**JP Morgan Chase Bank, N.A., U.S. Bank, N.A. as Indenture Trustee for C.S. F.B. Trust 2002-NP14, Successor in Interest to Bank of America as Indenture Trustee for C.S.F.B Trust 2002-NP-14, Successor in Interest to Lasalle Bank N.A., As Indenture Trustee for C.S.F.B. Trust 2002-NP 14,**

> *Defendants*,

**Internal Revenue Service, Select Portfolio Servicing, Inc.,**

FOR PLAINTIFF-APPELLANT:   Prem Nath, *pro se*, Orangeburg, NY.

FOR THE INTERNAL REVENUE
SERVICE:   Anthony J. Sun (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

FOR SELECT PORTFOLIO
SERVICING, INC.:   No brief.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** as set forth below.

Appellant Prem Nath, *pro se*, appeals from a judgment in favor of Select Portfolio Servicing, Inc. ("SPS") (the servicer of his mortgage loan), U.S. Bank, N.A. ("U.S. Bank"), as indentured trustee for CSFB Trust 2002-NP14, (the trust in which his mortgage loan was pooled), JP Morgan Chase Bank, N.A. (collectively, "the Private Defendants"), and the Internal Revenue Service ("IRS"). Nath asserted against the Private Defendants claims to quiet title and for declaratory judgments concerning a property against which a state court had issued a foreclosure judgment. Nath also claimed that the IRS had denied him due process as to two tax liens by never personally serving him with notice. The district court dismissed his claims, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* dismissals for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and dismissals for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016) (Rule 12(b)(1)); *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (Rule 12(b)(6)). In reviewing a dismissal for failure to state a claim, we accept all factual allegations as true and draw all inferences in plaintiff's favor. *Biro*, 807 F.3d at

2

544. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 678–79.

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). A claim is barred under *Rooker-Feldman* when (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, each of the four *Rooker-Feldman* factors are satisfied. Nath lost in the state foreclosure action, he complains only of that injury, he invited the district court to undo the foreclosure judgment, and that judgment was rendered prior to the initiation of this lawsuit. *See id.*

Unlike the complaint underlying his appeal in *Nath v. Select Portfolio Servicing*, 2d Cir. 17-806, Nath's complaint here asserted no injury stemming from the conduct of the Private Defendants independent of a challenge to the validity of the underlying state foreclosure judgment. Each request for relief was ultimately an attempt to undo the foreclosure judgment. Nath "is asking the federal court to determine whether the state judgment was wrongfully issued in favor of parties who, contrary to their representations to the court, lacked standing to foreclose," which "would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (per curiam). Accordingly, the district court properly concluded that Nath's claims against the Private Defendants were barred under *Rooker-Feldman*.[1]

---

[1] Although the district court stated that the dismissal of Nath's claims against the Private Defendants was "with prejudice," a provision not applicable to *Rooker-Feldman* dismissals because they are dismissals for lack of jurisdiction, *see, e.g.*, *Carter v HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016), we instead understand the district court to have meant only that Nath could not pursue those claims in federal court. Accordingly, we deem the judgment amended to dismiss these claims without prejudice.

With respect to his claim against the IRS, Nath's undeveloped argument that the IRS never personally served him with notice of the tax liens fails to address the district court's ruling that, regardless whether he was personally served, he failed to demonstrate the exercise of "reasonable diligence" after he did discover the liens. *See, e.g.*, *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).

We have considered Nath's remaining arguments and find them to be without merit. Accordingly, the judgment is deemed amended to incorporate our understanding set forth above, and as thus amended, we **AFFIRM** the judgment of the district court.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Appellant has filed a number of frivolous matters in this court, including the appeals docketed under 17-806-cv, 17-2019-cv, 17-1921-bk, and 17-1924-bk. Accordingly, Appellant is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require Appellant to obtain permission from this Court prior to filing any further submissions in this Court. *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989).