17-1921 (L)
In re: Nath

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of July, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> PETER W. HALL,
> *Circuit Judges.*

———————————————————————

In re: Prem Nath,

> *Debtor*,

———————————————————————

Prem Nath,

> *Debtor-Appellant*,
>
> v.                                                   17-1921 (L),
>                                                      17-1924 (Con)

Select Portfolio Servicing, Inc.,

> *Creditor-Appellee*.

———————————————————————

FOR DEBTOR-APPELLANT:        Prem Nath, *pro se*, Orangeburg, NY.

FOR CREDITOR-APPELLEE:       Casey B. Howard (Samantha Ingram, *on the brief*), Locke Lord LLP, New York, NY.

Appeal from two judgments of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Appellant Prem Nath, *pro se*, appeals from two judgments of the district court, one affirming a pair of rulings by the bankruptcy court in Nath's third bankruptcy, and one affirming a ruling by the bankruptcy court in Nath's fourth bankruptcy. Nath defaulted on a home mortgage, and, after years of litigation, a state court issued a foreclosure judgment in favor of U.S. Bank, N.A. ("U.S. Bank") and its servicer, Select Portfolio Servicing, Inc. ("SPS"). Nath then filed his third bankruptcy and moved to extend the automatic stay to stave off foreclosure. He also moved for sanctions against U.S. Bank, SPS, and their attorneys. The bankruptcy court's denial of both motions is the subject of the first of these consolidated appeals. On the eve of the foreclosure sale, Nath filed his fourth bankruptcy. U.S. Bank and SPS received relief from the automatic stay in the fourth bankruptcy, and Nath's home was then sold in foreclosure. He then moved to set aside the sale as violative of the automatic stay. The bankruptcy court's denial of that motion led to the second of these consolidated appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Bankruptcy court decisions are subject to appellate review in the first instance by the district court, pursuant to the statutory scheme articulated in 28 U.S.C. § 158. The same section of the code grants jurisdiction to the circuit court to hear appeals from the orders of the district court. *Id.* § 158(d). "When a bankruptcy appeal reaches us after district court review of the bankruptcy court order, our review of the bankruptcy court order is plenary." *In re N. New Eng. Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015) (internal quotation marks omitted). "[W]e independently review the factual determinations and legal conclusions of the bankruptcy court, evaluating the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *Id.* (internal quotation marks omitted).

We affirm. Given that Nath was actively challenging the foreclosure judgment against him on multiple fronts, the bankruptcy court's finding that his third bankruptcy was not filed in good faith, as required for extension of the automatic stay under 11 U.S.C. § 362(c)(3)(B), was not clearly erroneous, and the bankruptcy court properly denied the extension motion. Nath forfeited any challenge to the bankruptcy court's denial of his motion for sanctions by failing to address in his appellate brief one of the independent bases in support of that denial: his lack of standing. *See, e.g.*, *Norton v. Sam's Club*, 145

2

F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Finally, it is undisputed that, in Nath's fourth bankruptcy, the bankruptcy judge lifted the automatic stay with respect to the state foreclosure proceeding, and there was therefore no basis to set aside the foreclosure sale.

We have considered Nath's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Appellant has filed a number of frivolous matters in this court, including the appeals docketed under 17-806-cv, 17-2019-cv, 17-1921-bk, and 17-1924-bk. Accordingly, Appellant is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require Appellant to obtain permission from this Court prior to filing any further submissions in this Court. *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989).