23-7557
Daniel v. T&M Prot. Res., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

Otis A. Daniel,

> *Plaintiff-Appellant,*

v.                                                            **23-7557**

T&M Protection Resources, LLC,


> *Defendant-Appellee.*\*

FOR PLAINTIFF-APPELLANT:                    Otis A. Daniel, pro se,
                                                             New York, NY.

---

\* The Clerk's office is directed to amend the caption as reflected above.

**FOR DEFENDANT-APPELLEE:**                    Leonard Weintraub, Paduano & Weintraub LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Pro se Plaintiff Otis Daniel has repeatedly challenged the July 2018 trial judgment in his Title VII case, both in the district court and in this Court. In his most recent appeal from the denial of an untimely post-judgment motion, this Court warned Daniel that filing future frivolous appeals might expose him to sanctions. *See Daniel v. T&M Prot. Res., LLC*, No. 22-1614, 2023 WL 3563038, at *2 n.3 (2d Cir. May 19, 2023). This appeal arises from a subsequent motion to reopen the judgment for fraud on the court under Fed. R. Civ. P. 60(d)(3). The district court denied the motion because Daniel did not rely on new facts showing fraud on the court and raised only conclusory allegations. Daniel appeals. We assume

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decision on a Rule 60 motion for abuse of discretion. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). A party seeking to invoke the court's inherent power to vacate a judgment under Rule 60(d)(3) must generally show fraud that "seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). Daniel fails to do so.

As an initial matter, Daniel forfeits appellate review by failing to address the grounds on which the district court ruled. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (observing that a pro se litigant abandons or forfeits an issue that he has not briefed). But even on the merits, Daniel's arguments that T&M and its attorneys committed fraud on the court fail. We have rejected the same arguments in previous appeals. *See, e.g., Daniel v. T&M Prot. Res., LLC*, 771 F. App'x 123, 124 (2d Cir. 2019) (concluding that T&M's submitted exhibits were neither incomplete nor misleading); *Daniel v. T&M Prot. Res., LLC*, 844 F. App'x 433, 435-36 (2d Cir. 2021) (concluding that Daniel did not

show any fraud or misconduct on the court by T&M). Daniel now raises conclusory allegations that T&M and its attorneys made or submitted false or misleading statements, but he presents no new evidence to support them. Finally, to the extent Daniel argues that he is entitled to Rule 60 relief because his pro bono counsel was ineffective, we have rejected that argument as well. *See Daniel*, 844 F. App'x at 436.

We have considered Daniel's remaining arguments and find them to be without merit. Accordingly, the order of the district court is **AFFIRMED**.

It is further **ORDERED** that Daniel show cause why he should not be restricted from filing future appeals in this case, or in matters arising out of the same facts as this case, without obtaining prior leave to file from this Court. This Court's procedure for imposing leave-to-file sanctions involves three steps: (1) warning the litigant that future frivolous filings could result in sanctions, *see Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989) (per curiam); (2) if the conduct persists, issuing an order to show cause why a leave-to-file sanction order should not be imposed, *see In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); and (3) if the explanation is wanting, entering the sanctions order, *see Gallop v. Cheney*, 667

4

F.3d 226, 227 (2d Cir. 2012) (per curiam). By summary order entered May 19, 2023, this Court warned Daniel that "if he continue[d] to file frivolous appeals, we may be forced to consider sanctions, including an injunction directing the Clerk of this Court to refuse to accept for filing any submissions from Daniel unless he has first obtained leave of the Court." *Daniel*, 2023 WL 3563038, at *2 n.3. Accordingly, Daniel is ordered to file, within 30 days of the entry of this summary order, a response explaining why a leave-to-file sanction order should not be imposed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court