23-254-cv
*Trivedi v. Gen. Elec. Co., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNY CHIN,
> BETH ROBINSON,
> *Circuit Judges.*

---

Madhuri Trivedi,

*Plaintiff-Appellant,*

v.                                                                              23-254-cv

General Electric Company, GE Healthcare, Larry Culp, Michael Swinford, Carl Conrath, John Dineen, David Mehring, Nicole Boyles, Adam Holton, Michael Truman, Ayesha Khan, Jeffrey R. Immelt, Timothy Kottak, David Elario, Robert Swieringa, Susan Hockfield, Diane Smith, Dipti Patel, Nathan Davis, Gregory Stratton, William Barbiaux, Reema Poddar, Michael Harsh, Fragomen, Del Rey, Bernsen & Loewy, LLP, Jenny Schrager, Foley & Mansfield law firm, Seymour Mansfield, Andrew Shedlock, U.S. Department of Labor,

Secretary Martin Walsh, Daniel Koh, OSHA, Anthony Rosa, Frederick James, Doug Parker, Tamara Simpson, Robert Kuss, William Donovan, Denise Keller, Nathan Terwilliger, William Trepanier, Office of the Administrative Law Judge, ALJ Timothy McGrath, Administrative Review board, Tammy Pust, Susan Harthill, Thomas H. Burrell, Office of the Solicitor, Stefan Babich, and Sarah Naji,

*Defendants*.\*

---

For Plaintiff-Appellant:          Madhuri Trivedi, pro se, Boston, MA.

For Defendants:          No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2019, Appellant Madhuri Trivedi, pro se, sued her former employer, General Electric Co. ("GE"), the Foley & Mansfield law firm ("Foley & Mansfield"), and others in the District of Massachusetts, asserting claims under the Securities Exchange Act of 1934, the Dodd-Frank Act, the Sarbanes-Oxley Act, and Title VII, among others. The district court dismissed that lawsuit ("*Trivedi I*") for lack of personal jurisdiction with respect to the claims against Foley & Mansfield, and failure to state a claim against the other defendants. The United States Court of

---

\* The Clerk of Court is respectfully directed to amend the caption to conform to the above.

Appeals for the First Circuit subsequently affirmed. *Trivedi v. Gen. Elec. Co.*, No. 21-1434, 2022 WL 1769136 (1st Cir. May 3, 2022) (nonprecedential). That same year, Trivedi brought two substantially similar lawsuits in the Southern District of New York; both were transferred to the District of Massachusetts and subsequently dismissed. *See Trivedi v. Gen. Elec. Co.*, No. 22-CV-11746, 2023 WL 2988626, at *1 (Jan. 5, 2023) ("*Trivedi II*") (dismissing case with prejudice on *res judicata* grounds); *Trivedi v. Gen. Elec. Co.*, No. 23-CV-10067, 2023 WL 3679030, at *1 (Mar. 29, 2023) ("*Trivedi III*") (denying post-judgment relief and enjoining further filings after finding Trivedi to be "a vexatious litigant").

Trivedi then brought the instant lawsuit ("*Trivedi IV*") in the Southern District of New York in 2023, raising the same claims against a set of defendants who were parties to the first three lawsuits—including Foley & Mansfield. The district court *sua sponte*, meaning on its own initiative, dismissed the complaint based on *res judicata* and ordered Trivedi to show cause why she should not be barred from filing any further actions in the Southern District of New York without first obtaining permission from the court. *See generally Trivedi v. Gen. Elec. Co.*, No. 23-CV-0126, 2023 WL 1865216 (S.D.N.Y. Feb. 6, 2023). Trivedi moved for the district judge to recuse herself, but the judge denied the motion. *See generally Trivedi v. Gen. Elec. Co.*, No. 23-CV-0126, 2023 WL 2186474 (S.D.N.Y. Feb. 22, 2023). Trivedi appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review *de novo* the District Court's application of the principles of *res judicata*." *EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007); *see also Rollock v. LaBarbera*, 383 F. App'x 29, 30 (2d Cir. 2010) (summary order) (affirming *sua sponte*

3

dismissal of pro se complaint on *res judicata* grounds). *Res judicata*, or claim preclusion, prevents parties from relitigating issues that were, or could have been, decided on the merits in a previous action. *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). To determine whether the doctrine of *res judicata* applies to bar a subsequent action, we consider whether "1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties [or their privies], 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Id.* (internal citation and quotation marks omitted); *see also Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) ("[T]he federal doctrine of *res judicata* applies to a case involving the same parties or their privies." (internal quotation marks omitted)). A court may apply *res judicata sua sponte*. *See Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 398 n.4 (2d Cir. 2003).

The district court properly applied *res judicata* as to all but one of the defendants in this case. The prior decisions were final judgments on the merits. Trivedi's initial lawsuit in the District of Massachusetts was dismissed and the dismissal was affirmed by the First Circuit. The other lawsuits were also dismissed, and the litigants in this case were all parties in the other cases. The District of Massachusetts was a court of competent jurisdiction as it had the power to hear Trivedi's federal claims and her supplemental state law claims. Finally, the claims here are either the same as in Trivedi's prior lawsuits or could have been raised in those lawsuits. As a result, *res judicata* bars consideration of nearly all of her claims.

That said, the district court improperly applied *res judicata* to Trivedi's claims against Foley & Mansfield. Because Trivedi's claims against Foley & Mansfield were dismissed for *lack of personal jurisdiction*, not failure to state a claim, there has not been a final adjudication

4

on the merits of her claim against that firm. *MSP Recovery Claims, Series LLC v. Hereford Insurance Company*, 66 F.4th 77, 91 (2d Cir. 2023) ("A dismissal for lack of jurisdiction is by its nature a dismissal without prejudice: it does not preclude another action on the same claims." (internal quotation marks omitted)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 n.4 (2d Cir. 1994) ("Finally, a dismissal for want of subject matter or personal jurisdiction is not a decision on the merits. Consequently, upon such a dismissal the plaintiff is free to institute the suit anew in a jurisdiction or under circumstances supporting jurisdiction."). Thus, the district court's dismissal of Trivedi's claims against Foley & Mansfield on *res judicata* grounds was error.

Notwithstanding this error, however, we affirm the district court judgment on the ground that Trivedi's appeal is frivolous. When a plaintiff "has abused the judicial process to harass defendants with vexations and frivolous suits," it is appropriate to affirm a district court decision limiting the plaintiff's access to the courts. *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989). Trivedi is "a vexatious litigant who has abused her right to access th[e] Court by continuing to pursue baseless litigation against the GE Defendants and anyone else she can blame for her failure to succeed with her claims against them." *Trivedi III*, 2023 WL 3679030, at *1. The judgment on appeal similarly cited Trivedi's "litigation history" in ordering her "to show cause why she should not be barred from filing any further actions." *Trivedi IV*, 2023 WL 1865216, at *4. Trivedi's briefing to this Court hardly gives us cause to doubt the district courts' findings in this regard, *see, e.g.*, Appellant's Br. 1-12, and we therefore "give fair warning to appellant that[,] if [s]he continues to abuse the judicial process by the instigation of frivolous appeals, an injunction will issue directing the Clerk of this Court to refuse to accept for filing

5

any submissions from h[er], unless [s]he has first obtained leave of the Court to file such papers." *Sassower*, 885 F.2d at 11.

Trivedi separately argues that the district court improperly failed to provide notice before dismissing her complaint *sua sponte*. We have vacated *sua sponte* dismissals where the district court failed to offer the plaintiff appropriate notice or an opportunity to be heard, emphasizing that doing so is a "bad practice" at a minimum. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018). However, if "it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective," a *sua sponte* dismissal without notice or an opportunity to be heard can be appropriate. *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999); *see also Catzin*, 899 F.3d at 82.

Under the circumstances in this case, the district court did not commit reversible error by dismissing the complaint *sua sponte*. As noted by the district court, Trivedi has a history of filing lawsuits alleging the same claims against the same defendants, two of which had been dismissed at the time she filed the instant complaint. While not given notice here that her allegations were vulnerable to dismissal, Trivedi's experience in her prior lawsuits would have informed her that these kinds of claims were defective. In particular, she should have been aware that her claims were vulnerable to dismissal on *res judicata* grounds because one of her prior lawsuits (raising the same claims against most of the same defendants) was dismissed on that basis. *See Trivedi v. Gen. Elec. Co.*, No. 22-CV-11746-LEW, 2022 WL 19558081, at *1 (D. Mass. Dec. 12, 2022), *report and recommendation adopted by Trivedi II*. And as for the claims against Foley & Mansfield, they plainly lack merit. *See generally* Compl., *Trivedi IV*, No. 23-CV-0126, ECF No. 1. It was therefore appropriate for the district court to dismiss the

6

complaint *sua sponte*.

Finally, Trivedi asserts that Judge Swain should have recused herself because she had previously transferred Trivedi's prior cases (resulting in their dismissal) and such actions demonstrated bias against her.[1]  We review a judge's decision on a recusal motion for abuse of discretion.  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).  Here, aside from the dismissal of her complaint and decisions to transfer in prior cases, Trivedi points to nothing in the record that suggests bias on the part of the district court.  In any event, an adverse ruling is not evidence of bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").  Judge Swain's decision on the recusal motion was therefore a proper exercise of her discretion.

We have considered Trivedi's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent Trivedi directly challenges the transfer orders in *Trivedi II* and *Trivedi III*, we lack jurisdiction to review those orders.