23-7415; 24-1299; 24-1546
Jean-Baptiste v. U.S. Dep't of Justice

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand twenty-four.

PRESENT:
>        **DEBRA ANN LIVINGSTON,**
>            *Chief Judge,*
>        **DENNIS JACOBS,**
>        **GUIDO CALABRESI,**
>            *Circuit Judges.*

_____

**Harold Jean-Baptiste,**

>        *Plaintiff-Appellant,*

>        v.                                                    **23-7415**

**United States Department of Justice, Merrick B. Garland, United States Attorney General, Federal Bureau of**

**Investigations, Christopher Wray, Director of the Federal Bureau of Investigations, Civil Process Clerk for the United States Attorney's Office Southern District of New York,**

*Defendants-Appellees.*

_____

**Harold Jean-Baptiste,**

*Plaintiff-Appellant,*

v.                                                    24-1299

**United States Department of Justice, Merrick B. Garland, United States Attorney General, Federal Bureau of Investigation, Christopher Wray, Civil Process Clerk for the United States Attorney's Office,**

*Defendants-Appellees.*

_____

**In Re: Harold Jean-Baptiste,**

--------------------------------------------------------

**Harold Jean-Baptiste,**

*Plaintiff-Appellant,*

v.                                                    24-1546

**United States District Court for the Eastern District of New York,**

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:     Harold Jean-Baptiste, pro se,
                             Rosedale, NY.

FOR DEFENDANTS-APPELLEES:     No appearance.


Appeal from a judgment and orders of the United States District Court for the Eastern District of New York (Chen, *J.*) and a judgment and order of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments and orders of the district courts are **AFFIRMED**.

In these three appeals, which have been considered in tandem and consolidated for disposition, *pro se* plaintiff-appellant Harold Jean-Baptiste challenges the *sua sponte* dismissals of his complaints against the U.S. Department of Justice, the Federal Bureau of Investigation, and others in the Eastern and Southern Districts of New York. In two cases, the district courts

3

dismissed Jean-Baptiste's complaints *sua sponte* and entered leave-to-file injunctions based on his pattern of frivolous filings. *See generally Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-CV-6297 (PKC) (LB), 2023 WL 6587958 (E.D.N.Y. Oct. 10, 2023) (noting dismissal of the complaint and entering injunction); *Jean-Baptiste v. U.S. Dep't of Justice*, No. 24-CV-01152 (VEC), 2024 WL 1484200 (S.D.N.Y. Apr. 5, 2024) (dismissing complaint); Bar Order under 28 U.S.C. § 1651, *Jean-Baptiste v. U.S. Dep't of Justice*, No. 24-CV-01152 (VEC), ECF No. 8 (entering injunction). In the third, the district court denied Jean-Baptiste's motion to open a new case because his proposed complaint was filed after the imposition of the pre-filing injunction and deemed frivolous. Order, *In re Jean-Baptiste*, No. 23-mc-02683-PKC, ECF No. 3 (denying permission to file complaint). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal which we refer to only as necessary to explain our decision to **AFFIRM**.

## I. Dismissal of the Complaints

A district court has inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v.*

4

*First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The district courts did not abuse their discretion by dismissing two of Jean-Baptiste's complaints or otherwise err by denying Jean-Baptiste leave to proceed on the third complaint. The complaints allege that FBI agents surveilled Jean-Baptiste as he went about his daily life, contacted or posed as his romantic partners, and attempted to kidnap or assassinate him on multiple occasions in retaliation for his prior lawsuits and complaints. As evidence of this conspiracy, Jean-Baptiste points to innocuous occurrences, such as the presence of a car alongside him, a driver's refusal to honk at another car, and others staring at him

5

in public.  *See Gallop v. Cheney*, 642 F.3d 364, 368–69 (2d Cir. 2011) (affirming dismissal of claims as frivolous where plaintiff alleged conspiracy of government officials to commit terrorism but did not allege any facts demonstrating a "consistent" or "plausible" theory).  As for Jean-Baptiste's allegation that the FBI cancelled his food stamps in retaliation for filing multiple lawsuits, the complaints plead no facts showing a connection between the FBI and the relevant state agency.

Jean-Baptiste argues that the district court erred by failing to allow him an opportunity to appear or respond before dismissing his complaint.  Although we have said that "dismissing a case without an opportunity to be heard is, at a minimum bad practice," *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), *sua sponte* dismissal can be permissible when it is "unmistakably clear" that "the complaint lacks merit or is otherwise defective," *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999).  Jean-Baptiste has a history of filing similar lawsuits and we have previously affirmed dismissals of his claims as factually frivolous.  *See, e.g.*, *Jean-Baptiste v. Almonte Food Stream Corp.*, No. 23-438, 2023 WL 7293777, at *1 (2d Cir. Nov. 6, 2023) (summary order) (affirming

6

dismissal of complaint alleging FBI conspiracy to poison Jean-Baptiste); *Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-826-cv, 2023 WL 8015698, at \*1 (2d Cir. Nov. 20, 2023) (summary order) (same). Jean-Baptiste was therefore constructively on notice that claims similar to those he has unsuccessfully advanced in the past would likewise be vulnerable to dismissal as frivolous. Under these circumstances, the district courts acted within their discretion by dismissing the complaints *sua sponte*.

## II. Imposition of Leave-to-File Injunctions

Jean-Baptiste also challenges the imposition of the leave-to-file injunctions against him. We review for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). As noted above, Jean-Baptiste has repeatedly filed claims that courts have dismissed as factually frivolous. He continues to do so despite multiple warnings that further frivolous litigation could result in sanctions. When asked to show cause why an injunction should not be entered, Jean-Baptiste reiterated many of the same frivolous allegations contained in his complaints. Based on this history of vexatious and duplicative litigation, the district courts did not abuse their discretion in imposing the pre-filing

7

injunctions. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

Indeed, counting the three appeals we address here, Jean-Baptiste has filed seven unsuccessful appeals in this Court that all relate in some way to the same factually frivolous allegations of a government conspiracy against him. Jean-Baptiste is warned that the continued filing of duplicative, vexatious, or clearly frivolous appeals may result in the imposition of a leave-to-file sanction that would likewise require him to obtain this Court's permission before filing any future appeals. *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 10–11 (2d Cir. 1989) (per curiam).

\*     \*     \*

We have considered Jean-Baptiste's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments and orders of the district courts.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8