24-2609-cv
*Lensendro v. Keybank, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-five.

Present:

> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

LAGUERRE LENSENDRO,

> *Plaintiff-Appellant*,

v.                                                                          24-2609-cv

KEYBANK, N.A.,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | LAGUERRE LENSENDRO, *pro se*, Norwalk, CT |
| For Defendant-Appellee: | ANDREW P. KARAMOUZIS, Moran Karamouzis LLP, Rockville Centre, NY |

Appeal from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

1

Plaintiff-Appellant Laguerre Lensendro, proceeding *pro se*, appeals from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *District Judge*), which is deemed to have entered on February 3, 2025, dismissing his amended complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B). Lensendro brought this action alleging that Defendant-Appellee Keybank, N.A. breached a contract between the parties when it did not respond to his application, submitted with a "bill of exchange" as purported collateral, for an "advance" of $125,000. Dist. Ct. Dkt. 13. On August 14, 2024, Magistrate Judge Robert M. Spector recommended dismissal of the amended complaint with prejudice because, after being given the opportunity to cure pleading deficiencies the district court had identified, Lensendro still had not plausibly alleged that a contract existed between the parties. On September 6, 2024, the district court entered an order adopting Magistrate Judge Spector's recommendation. Lensendro now challenges the dismissal of his amended complaint, arguing that Keybank implicitly agreed to lend him money by remaining silent and keeping his purported collateral after receiving his loan application. We assume the parties' familiarity with the case.

We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B). *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).[1] "We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007).

We discern no error in the district court's dismissal of Lensendro's amended complaint. Under Connecticut law, "[t]he elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages."

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*AGW Sono Partners, LLC v. Downtown Soho, LLC*, 343 Conn. 309, 322 (2022). To form an agreement, "there must be a mutual understanding of the terms that are definite and certain between the parties." *Saint Bernard Sch. of Montville, Inc. v. Bank of Am.*, 312 Conn. 811, 830 (2014). Here, Lensendro argues that a contract was formed when Keybank failed to respond to his loan application and did not return his "bill of exchange." But, although "silence may constitute acceptance of an offer if the offeree, by his words or conduct, leads the offeror reasonably to interpret that silence as such," *John J. Brennan Constr. Corp. v. City of Shelton*, 187 Conn. 695, 710 (1982), Lensendro cites no authority for the proposition that a bank's mere receipt of a loan application, accompanied by a purported "bill of exchange" as collateral, forms an agreement to lend money. Nor does he provide any facts suggesting that there was a mutual understanding between the parties as to the essential terms of the alleged loan agreement. *See Levinson v. Lawrence*, No. HHDCV185052180S, 2019 WL 6999137, at *3 (Conn. Super. Ct. Nov. 26, 2019) (determining that a purported loan agreement was unenforceable because the parties did not establish "any terms of interest, repayment, default and maturity"). Thus, given that Lensendro did not plausibly allege the formation of a contract, the district court properly dismissed his amended complaint for failure to state a claim.[2]

\* \* \*

We have considered Lensendro's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

---

[2] Lensendro also argues that, under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, Keybank was required to respond to his loan application within thirty days, and that its failure to do so "reinforces the conclusion that acceptance occurred." Appellant's Br. at 15. But Lensendro did not raise this argument when objecting to Magistrate Judge Spector's recommended ruling, so we decline to consider it for the first time on appeal. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

We further conclude that Lensendro's appeal lacks an arguable basis either in law or in fact. Lensendro is hereby warned that the filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of a sanction that would require him to obtain permission from this Court and the district court prior to filing any further submissions in this Court and the district court (a "leave-to-file" sanction). *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk